```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**NATASHA HURLEY,**

       **Plaintiff,**

v.                                     Civil Action No. 2:11-cv-0624

**AVERITT EXPRESS, INC.,**
a Tennessee Corporation and
**JEBB S. WESTERFIELD**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending are Hurley's three motions to seal, the first filed September 27, 2012 and the remaining two filed September 28, 2012.

As grounds for her motions to seal, Hurley asserts that documents within the filings at issue have been designated as confidential pursuant to a protective order, entered November 15, 2012. Hurley explains that the defendants have designated the protected documents, which pertain to Averitt's hiring policies and Westerfield's criminal record, as confidential. Hurley incorrectly equates the standard for protective orders, which are intended to facilitate pretrial discovery, with that of judicial orders to seal, which contravene the public's right to access

court documents and accordingly demand a greater showing of need. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 254 (4th Cir. 1988) ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents."). For the reasons that follow, the court finds that Hurley has not met her burden for obtaining an order to seal.

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment.

The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). The presumption can be rebutted, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). In weighing

the interests, the court should consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235). The party seeking to overcome the presumption of access bears the burden of showing such competing interests. Rushford, 846 F.2d at 253.

"In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" Virginia Dept. of State Police, 386 F.3d at 575 (quoting Stone, 855 F.2d at 180). For such records and documents, the First Amendment demands that "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." Virginia Dept. of State Police, 386 F.3d at 575 (quoting Rushford, 846 F.2d at 253). "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" Id. at 576 (quoting Stone, 855 F.2d at 182).

Hurley has not made the necessary showing for any of the three motions to seal.  The court observes, however, that the privacy interests at stake are not Hurley's, but those of the defendants.  Therefore, in the interests of justice, the court directs that either party may seek to make the required showing in a further sealing request, to be filed no later than October 11, 2012.  The court, accordingly, ORDERS that the filings at issue remain provisionally under seal.  The filings will be unsealed if the parties fail to make the necessary showing to support a sealing order.  The court further ORDERS as follows:

1. That the motions to seal be, and they hereby are, denied without prejudice;
2. That either party may submit a revised sealing request, taking into consideration the alternatives to sealing (such as redaction) for those portions of the agreement for which confidentiality is unnecessary, and bearing in mind that sealing is the infrequent exception and not the rule;
3. That the aforementioned sealing request be, and it hereby is, directed to be submitted by October 11, 2012.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: October 2, 2012

John T. Copenhaver, Jr.
United States District Judge